Judson M. Carusone, OSB# 942234
Behrends, Carusone & Covington, P.C.
Attorneys at Law
P.O. Box 10552
Eugene, OR 97440
Telephone (541) 344-7472
Fax (541) 344-6466
jcarusone@oregon-attorneys.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Robert Simmons and Donna Simmons,<br><br>Plaintiffs;<br><br>vs.<br><br>Ditech Financial LLC and  Federal National Mortgage Association,<br><br>Defendants. | Case No.  6:18-cv-2149<br><br>COMPLAINT<br>(Civil Rights Violations)<br><br>Jury Trial Demanded |

Plaintiffs, by and through their attorney, Judson M. Carusone, hereby alleges;

1.

This Court has jurisdiction pursuant to Federal Question Jurisdiction, 28 U.S.C. §1331,

diversity, 28 U.S.C. §1332, and pendant state law jurisdiction, 28 U.S.C. § 1367.

2.

Complaint - page 1

Robert Simmons ("Mr. Simmons") is an African American married male residing in Lane County, Oregon.  Donna Simmons ("Ms. Simmons") is an white married female residing in Lane County, Oregon.  Collectively ("Simmons").

3.

Defendants are:

Ditech Financial LLC ("Ditech") is a corporation organized under the laws of the State of Maryland having a principal place of business as 1100 Virginia Drive, Suite 100A, Fort Washington, PA 19034.  Ditech does business in the State of Oregon by originating and servicing residential mortgages.

The Federal National Mortgage Association ("FNMA") is a governmental supported entity with its principal place of business at 3900 Wisconsin Avenue, NW, Washington, D.C. 20016-2892.  FNMA conducts business in the State of Oregon by buying and owning residential mortgages.

4.

This lawsuit involves the real property "Subject Property" described as:

Lot 6, Blue Ribbon Estates, platted and recorded in File 73, Slide 96, Lane County Oregon Plat Records, in Lane County, Oregon.

795 Alder St, Junction City, OR 97448                    Parcel No. 15-04-32-42-00600.

5.

The Defendants acted joint and severely with regard to the claims in this Complaint and the acts of any agent were the acts of its principal.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

Complaint - page 2

6.

Simmons obtained a mortgage through Ditech Mortgage, LLC, by way of a Note and Trust Deed.  The Trust Deed recorded on or about November 27, 2007.

7.

The was modified by written agreement on November10, 2011.

8.

Based on curtailment of income from illness, Simmons began discussing a potential second loan modification with FNMA through its servicing agent, Ditech in 2016.  Simmons made repeated application for a loan modification.  Simmons was turned down each time.  The last loan modification was denied based on a rule that the modification must lower the payment.  Simmons asked that Defendants waive this rule as they could afford the modified payment that cured the deafult.  But they had no other way to cure the default.

## FIRST CLAIM FOR RELIEF

## EQUAL CREDIT OPPORTUNITY ACT,

## 15 U.S.C. § 1691-1691(f) and Related Regulation B

9.

Simmons incorporate as if fully stated here paragraphs 1 through 8.

10.

Simmons is an applicant under ECOA both with regarding to the original loan and with regard to each separate request for mortgage assistance.  Simmons are members of one or more protected classes.

11.

Complaint - page 3

Defendants jointly and severally engage in extending credit to borrowers, and, in particular, to Simmons with regard to the requests for mortgage assistance.

12.

Defendants collectively are creditors as defined by ECOA.

13.

Defendants jointly and severally have discriminated against Ms. Simmons.  The effect of Defendants' policies and procedures, and specifically as to Mr. Simmons is discrimination based on race and  specifically as to Ms. Simmons based on sex and marital status.

14.

The discrimination took the form of; (a) offering less favorable terms and conditions for the extension of credit; (b) not appropriately denying such requests; © not providing timely or proper adverse action notices; and (d) not describing applicable procedures and policies that would have aided Simmons in having the applications approved.

15.

Regulations enacted to enforce ECOA constitute per se violations of a protected individual's civil rights.  Defendants violated several administrative regulations including, but not limited to, failing to describing applicable procedures, engaging in deceptive practices and policies and using prohibited factors in denying the applications.

16.

The discrimination was intentional and overt.  Alternatively, the discrimination was implicit.  Further alternatively, the discrimination was effects based.

17.

Complaint - page 4

As a direct result of Defendants' discrimination, Simmons experienced embarrassment and humiliation, has suffered the stress of the loss of home and has an increased loan balance - all to Simmons economic and non-economic damage of up to $300,000. In addition, the behavior of Defendants was egregious, wantonly reckless and/or deliberately discriminatory, and Simmons is entitled to statutory punitive damages of up to $20,000.00.

18.

Simmons is entitled to attorney fees and costs pursuant to ECOA.

19.

The discrimination experienced by Simmons cannot fully be remedied by monetary compensation and ECOA authorizes a court of competent jurisdiction to provide equitable remedies as well. Simmons seek an equitable mortgage modification.

20.

To the extent Ditech claims it was just following FNMA's detailed rules for servicing, FNMA is liable for the stated damages as Ditech is FNMA's agent and was directly involved in the decisions.

**SECOND CLAIM FOR RELIEF**

**Title VIII of the Civil Rights Act of 1968 (The Fair Housing Act), 42 U.S.C. §§ 3601-3631**

21.

Simmons incorporates as if fully stated here paragraphs 1 through 16.

22.

Simmons members of one or more protected classes under the Civil Rights Act of 1968.

23.

Complaint - page 5

Defendants are involved in residential real estate related transactions in the form of evaluating, offering and/or declining to provide Simmons with mortgage assistance, including a mortgage modification.

24.

Defendants discriminated against Ms. Simmons by, but not limited to, failing to provide information regarding the availability of financial assistance; failing to provide information regarding appropriate applications requirements, procedures or standards; by providing inaccurate information or information that is different from others; and by using different policies, practices or procedures in evaluating Ms. Simmons's applications for mortgage assistance and mortgage modification in determining her credit worthiness.  Defendants also failed to apply stated exception to their policies in denying at least one application.

25.

Defendants' discrimination included disparate treatment of Simmons with regard to the requests for mortgage assistance.  Simmons was qualified for a mortgage modification as evidenced by one or more modification offers.  On information and belief, applicants who are not within the protected classifications of Simmons were granted mortgage modifications or provided more favorable treatment in their modification requests than Simmons.

26.

Defendants have business practices and policies that have a discriminatory effect on protected classes such as Simmons

27.

Simmons has been aggrieved by Defendants' actions.  As a direct result of Defendants'

discrimination, Simmons has experienced embarrassment and humiliation, has suffered the stress of the loss of the home and have an increased loan balance - all to the economic and non-economic damage of up to $300,000.  In addition, the behavior of Defendants was egregious, wantonly reckless and/or deliberately discriminatory, and Simmons is entitled to statutory punitive damages of up to $100,000.00.

28.

Simmons is entitled to reasonable attorney fees and costs for Defendants' violation of the Fair Housing Act.

29.

The discrimination experienced by Simmons cannot be fully remedied by monetary compensation and the FHA authorizes a court of competent jurisdiction to provide equitable remedies as well.  Simmons seek an equitable mortgage modification.

30.

To the extent Ditech claims it was just following FNMA's detailed rules for servicing, FNMA is liable for the stated damages as Ditech is FNMA's agent and was directly involved in the decisions.

31.

Simmons reserve the right to amend this complaint to add claims under RESPA, contract and for unfair trade practices.

WHEREFORE, Plaintiffs prays for a judgment as follows:

1.      A money award for an amount up to and including $420,000.
2.      A money award for attorney fees and costs pursuant to the mortgage contracts, state and federal statute, and based on Defendants' actions; and

3.      For such other relief as this Court deems just and equitable.

DATED this <sup>th</sup> day of December, 2018.

                        BEHRENDS, CARUSONE & COVINGTON


                        __/s/_ Judson M. Carusone_____
                        Judson M. Carusone, OSB #942234
                        Of Attorneys for Plaintiffs

Complaint - page 8